Michael T. Driscoll, Esq.
Benjamin O. Gilbert, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700
Fax: (212) 653-87018701
mdriscoll@sheppardmullin.com
bogilbert@sheppardmullin.com

*Counsel to Axos Bank*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 25-10159 (MEW) |
| 16 EF APARTMENT LLC, | Chapter 11 |
| Debtor. | |

**RESPONSE OF AXOS BANK TO ORDER TO SHOW CAUSE AS TO WHY
THE CASE SHOULD NOT BE DISMISSED OR CONVERTED TO CHAPTER 7
OR AS TO WHY A CHAPTER 11 TRUSTEE SHOULD NOT BE APPOINTED**

Axos Bank (the "Bank"),  by its undersigned attorneys,  hereby submits this response (the "Response") to this Court's *Order to Show Cause as to Why the Case Should Not Be Dismissed or Converted to Chapter 7 or as to Why a Chapter 11 Trustee Should Not Be Appointed*, entered on March 4, 2025 [ECF No. 21].  In support of the Response, the Bank respectfully states as follows:

**Response**

1.      Sufficient cause exists in these circumstances to warrant dismissal of the above-captioned chapter 11 case (the "Chapter 11 Case") with a one year bar on re-filing because (i) debtor 16 EF Apartment LLC (the "Debtor") clearly commenced the Chapter 11 Case to thwart the Bank from foreclosing on the real property located at 610 Park Avenue, Apt. PH 16E, New York, New York 10065 (the "Property") by filing for bankruptcy protection mere minutes before the Bank's foreclosure auction was scheduled to begin, (ii) Debtor did not attend the 341 Meeting

of Creditors, and (iii) Debtor has not filed required schedules and statements of financial affairs, thereby failing to make candid and full disclosures. *See, e.g., In re Campbell*, No. 22-11414, 2023 WL 4417325, at *6 (Bankr. S.D.N.Y. Jul. 7, 2023) (granting 18 month bar on refiling because the debtor appeared to have filed the bankruptcy case in bad faith to thwart a creditor's attempts to collect on their debt, failed to attend 341 Meetings, and failed to make candid and full disclosures by filing schedules late and with incomplete and inaccurate information).[1]

2.      Further, the Chapter 11 Case should not be converted to a case under chapter 7 of the Bankruptcy Code because the aggregate secured debt is substantially greater than any reasonable value of the Property, and therefore unsecured creditors would not receive any distribution from the proceeds of sale conducted by a chapter 7 trustee, who would also incur additional administrative expenses through his commission and expenses to conduct the sale. *See, e.g., In re East 81st, LLC*, No. 13–13685, 2014 WL 4548551, at *7 (Bankr. S.D.N.Y. Mar. 17, 2014) (concluding that dismissal rather than conversion was in the best interest of the creditors and the estate because there was no possible equity in the debtor's property, and therefore there were no assets for a chapter 7 trustee to recover for the benefit of the unsecured creditors, and no estate to administer).  Here, the Property is encumbered by liens of the Bank of at least $16.7 million, as well as junior liens of the Property's Condominium Board, Mara Enterprises, New York State, and the Internal Revenue Service.

3.      Finally, a chapter 11 trustee should not be appointed here because the costs of a chapter 11 trustee will only burden this estate with additional administrative expenses and will delay any distribution from the estate to creditors. *See, e.g., In re North Star Contracting Corp.*,

---

[1] If this Court is hesitant to impose a one year bar on re-filing, the Bank is amenable to a shorter time period for such a bar; however, the Bank requests such bar to be through at least September 2025 because it will take many months for the Bank to obtain a new auction date and to provide required statutory notice and publication of such auction.

128 B.R. 66, 70 (Bankr. S.D.N.Y. 1991) (denying request for the appointment of a chapter 11

trustee because the costs of a trustee would only burden this estate with additional administrative

expenses and would not be in the best interests of creditors).

Date:   March 11, 2025
        New York, New York                    Respectfully submitted,

                                               **SHEPPARD MULLIN RICHTER &
                                               HAMPTON LLP**

                                               By: */s/ Michael T. Driscoll*
                                               Michael T. Driscoll, Esq.
                                               Benjamin O. Gilbert, Esq.
                                               30 Rockefeller Plaza
                                               New York, NY 10112
                                               Tel: (212) 653-8700
                                               E-mail: mdriscoll@sheppardmullin.com
                                                       bogilbert@sheppardmullin.com

                                               *Counsel to Axos Bank*