IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>**16EF Apartment LLC,**<br><br>　　　　　　Debtor. | Chapter 11<br><br>Case No. 25-10159-mew |

**ORDER (1) GRANTING RELIEF FROM THE AUTOMATIC STAY TO BOARD
OF MANAGERS OF 610 PARK AVENUE CONDOMINIUM AND TO AXOS BANK,
AND (2) DENYING MOTIONS TO DISMISS AND MOTION FOR PERMISSION TO
TAKE RULE 2004 DISCOVERY, EACH WITHOUT PREJUDICE**

The Debtor is the owner of condominium unit 16EF at 610 Park Avenue (the "Unit"). The Debtor filed a petition commencing this bankruptcy case on January 29, 2025, just prior to the time when a foreclosure sale was scheduled to occur. That foreclosure sale followed the entry of a judgment in an action brought against the Debtor by the Board of Managers of the 610 Park Avenue Condominium (the "Board"), which judgment was later assigned to (and is now owned by) the Debtor's mortgage lender, Axos Bank (the "Bank"). The Bank also has filed a separate foreclosure action against the Debtor based on alleged failures to make mortgage payments, and the Board has filed yet another action against the Debtor due to additional failures by the Debtor to make required maintenance payments that came due after the date of the judgment that was assigned to the Bank.

The Board filed a timely motion for relief from the automatic stay, and the Bank filed a request for permission to take discovery under Rule 2004 of the Federal Rules of Bankruptcy Procedure. The Debtor (an entity) has not appeared through counsel, and the Office of the United States Trustee has moved to dismiss the bankruptcy case. The Debtor also has not filed the required schedules and statements of financial affairs and has not appeared at any of the hearings that the Court has held.

-1-

At a hearing on March 4, 2025, counsel to the Board and to the Bank expressed concerns that the Debtor was not making maintenance payments, that rents payable to the Debtor by a subtenant apparently were being diverted and were not being paid either to the Bank or to the Board, and that the Board's and the Bank's respective secured claims were not adequately protected. I issued an Order to Show Cause on March 4, 2025 in which I directed the Debtor to show cause as to why the case should not be dismissed with a one year bar on refiling, or as to why it should not be converted to a case under chapter7, or as to why a chapter 11 trustee should not be appointed. I scheduled a further hearing for March 12, 2025 to consider the appropriate course of action. Certificates of service are on file showing that the Debtor received proper notice of the Order to Show Cause.

The Debtor did not respond to the Order to Show Cause and did not appear on March 12. It is apparent that the secured claims of the Board and the Bank are not adequately protected. The Debtor's conduct shows an intent to use a bankruptcy filing to stop a pending foreclosure sale, but does not evidence an honest and serious intent to pursue proper bankruptcy relief.

The parties urged the Court on March 12 to dismiss the chapter 11 case and to bar a refiling. However, the Court expressed concern that dismissal would not address concerns over possible diversions of the rental income to which the Debtor was entitled, and could just lead to other potential efforts to thwart the secured creditors' pursuits of their rights. The Court therefore held that instead of dismissal it would grant relief from the automatic stay to permit the Board to pursue its rights and remedies in the New York State courts, which would protect the Board's and the Bank's rights while at the same time preserving the Debtor's obligations under the Bankruptcy Code to preserve its assets for the benefit of its creditors. The Bank moved for similar relief from the automatic stay in lieu of dismissal, and the Court granted that request.

For the foregoing reasons, and those stated on the record at the March 12 hearing, it is hereby

**ORDERED** that the automatic stay under 11 U.S.C. § 362(a) is modified under 11 U.S.C. § 362(d) so as (1) to permit the Board to pursue its rights and remedies against the Debtor and the Unit, including enforcing its rights to demand rent from Debtor's tenant in the Unit pursuant to § 339-kk of the Real Property Law of the State of New York, and to pursue its statutory lien against the Unit for unpaid common charges; and (2) to permit the Bank to exercise its rights and remedies against the Debtor and the Unit under applicable non-bankruptcy law, including, without limitation, (i) re-noticing and completing the foreclosure auction of the Unit pursuant to the terms of the *Judgment of Foreclosure and Sale and Decision + Order on Motion*, entered on September 29, 2023 (the "Judgment") by the Supreme Court of New York County (the "State Court") in the action entitled *Board of Managers of the 610 Park Avenue Condominium v. 16EF Apartment, LLC et al.* Index No. 151261/2023, and (ii) continuing to prosecute the judicial foreclosure action of the Unit in the State Court entitled *Axos Bank v. Michael Strauss, et al.*, Index No. 850036/2025; and it is further

**ORDERED** that, notwithstanding the provisions of section 1354(4) of the New York Real Property Actions and Proceedings Law, all surplus moneys following any foreclosure sale constitute property of the bankruptcy estate that is subject to the exclusive jurisdiction of this Bankruptcy Court, and in the event there are any such surplus proceeds the Bank and/or the Board shall promptly notify this Court, and the referee appointed by the State Court shall hold such proceeds pending further direction from this Court; and it is further

**ORDERED** that, notwithstanding the provisions of section 1354(4) of the New York Real Property Actions and Proceedings Law, any person claiming any entitlement to any portion of any

surplus proceeds must do so in this Bankruptcy Court pursuant to the applicable terms of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure; and it is further

**ORDERED** that, following a determination of whether any surplus proceeds exist, the Court will determine whether a conversion to chapter 7, or the appointment of a chapter 11 trustee, or some other further relief is appropriate; and it is further

**ORDERED** that the Bank's motion for permission to take discovery under Rule 2004 of the Federal Rules of Bankruptcy Procedure is denied, without prejudice; and it is further

**ORDERED** that the parties' respective motions and requests for a dismissal or conversion of this case, or for the appointment of a chapter 11 Trustee, are denied, without prejudice; and it is further

**ORDERED** that this Order is binding and effective despite any conversion of this chapter 11 case to a case under any other chapter of the Bankruptcy Code or any appointment of a trustee under any chapter of the Bankruptcy Code; and it is further

**ORDERED** that this Order shall be effective immediately upon entry and the automatic stay shall not be stayed by operation of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and it is further

**ORDERED** that this Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: New York, New York
      March 13, 2025

/s/ **Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE